UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SEARRA PRIOLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:25-cv-04013-MDH |
| | ) |
| EQUIPMENTSHARE.COM, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Searra Priolo ("Priolo"), by counsel, against Defendant, EquipmentShare.com, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*, the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.*, and the Missouri Human Rights Act ("MHRA").

### II. PARTIES

2. Priolo, at all relevant times, was employed by Defendant as a remote worker and preformed work for Defendant in Monmouth County, New Jersey.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Missouri.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. § 1367; 42 U.S.C. §12117; and 29 U.S.C §626(c).

5. Priolo's state law claims arise from the same common nucleus of operative facts as her federal law claims and all her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer," as that term is defined by 42 U.S.C. §12111(5)(A), 29 U.S.C. § 630(b), and MHRA.

7. Priolo was an "employee," as that term is defined by 42 U.S.C. §12111(4), 29 U.S.C. §630(f), and MHRA.

8. Priolo satisfied her obligation to exhaust her administrative remedies having filed a Charge of Discrimination (Charge No.560-2024-02172) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging retaliation for engaging in a protected activity. Priolo received her Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Missouri; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATION

10. Priolo was hired by Defendant as a senior Recruiter on or about July 31, 2023.

11. At all relevant times, Priolo met or exceeded all of Defendant's legitimate performance expectations.

12. In or about November 2023, Priolo engaged in a protected activity when she raised complaints to Defendant that its General Manager's hiring practices were discriminatory. Specifically, Priolo complained that the DISC assessment used in the hiring process pressured individuals to disclose disabilities and/or resulted in lower scores for individuals with disabilities, thereby making them less hirable.

13. From that point forward, Priolo made continuous attempts to bring attention to these discriminatory hiring practices in weekly meetings with Defendant.

14. Around this time, Priolo had been instructed not to hire a particular candidate because he was deemed "too old" by Defendant.

15. On or about January 18, 2024, Priolo's supervisor told her to falsify a DISC score for a lateral General Manager candidate.

16. On or about January 25, 2024, Priolo, now reporting to her previous skip-level manager, again explicitly reported her concerns regarding Defendant's discriminatory hiring practices, alleging that individuals were being scored lower due to both age and disabilities. Despite Priolo voicing why these concerns were valid, Defendant's manager condoned and enforced the rejection of said candidates.

17. A week before Priolo's eventual termination, she suggested to her manager that Defendant should disclose its assessment practices in job postings to maintain compliance with hiring transparency.

18. Priolo actively advocated against Defendant's discriminatory hiring practices throughout her employment.

19. After engaging in protected activity, Defendant increased its scrutiny of Priolo's work and began to micromanage her.

20. Defendant discriminated against Priolo by terminating her employment on or about February 16, 2024, for alleged insubordination; however, Defendant was not able to explain how Priolo had been insubordinate. Defendant's stated reason is pretext for discrimination.

## V. CAUSES OF ACTION

## COUNT I: ADA RETALIATION

21. Priolo hereby incorporates paragraphs one (1) through nineteen (19) of her Amended Complaint as if the same were set forth at length herein.

22. Priolo engaged in a protected activity by reporting concerns of disability-related discrimination within Defendant's hiring process.

23. Defendant retaliated against Priolo for engaging in protected activity by terminating her employment.

24. A causal connection exists between Priolo engaging in protected activity and the termination of her employment.

25. Defendant's actions were intentional, willful, and in reckless disregard of Priolo's rights as protected by the ADA.

26. Priolo has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: ADEA RETALIATION

27. Priolo hereby incorporates paragraphs one (1) through twenty-five (25) of her Amended Complaint as if the same were set forth at length herein.

28. Priolo engaged in a protected activity by reporting concerns of age-related discrimination within Defendant's hiring process.

29. Defendant retaliated against Priolo for engaging in protected activity by terminating her employment.

30. A causal connection exists between Priolo engaging in protected activity and the termination of her employment.

31. Defendant's actions were intentional, willful, and in reckless disregard of Priolo's rights as protected by the ADEA.

32. Priolo has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: MHRA – RETALIATION (AGE)

33. Priolo hereby incorporates paragraphs one (1) through thirty-one (31) of her Amended Complaint as if the same were set forth at length herein.

34. Priolo engaged in a protected activity by reporting concerns of age-related discrimination within Defendant's hiring process.

35. Defendant retaliated against Priolo for engaging in protected activity by terminating her employment.

36. A causal connection exists between Priolo engaging in protected activity and the termination of her employment.

37. Defendant's actions were intentional, willful, and in reckless disregard of Priolo's rights as protected by the MHRA.

38. Priolo has suffered damages as a result of Defendant's unlawful actions.

### COUNT IV: MHRA – RETALIATION (DISABILITY)

39. Priolo hereby incorporates paragraphs one (1) through thirty-seven (37) of her Amended Complaint as if the same were set forth at length herein.

40. Priolo engaged in a protected activity by reporting concerns of disability-related discrimination within Defendant's hiring process.

41. Defendant retaliated against Priolo for engaging in protected activity by terminating her employment.

42. A causal connection exists between Priolo engaging in protected activity and the termination of her employment.

43. Defendant's actions were intentional, willful, and in reckless disregard of Priolo's rights as protected by the MHRA.

44. Priolo has suffered damages as a result of Defendant's unlawful actions.

## VI. **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Searra Priolo, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their disability, age and/or retaliates against any employee after engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of the ADA and MHRA;

6. Award Plaintiff punitive damages for Defendants' violations of the ADA and MHRA;

7. Award Plaintiff liquidated damages for Defendant's violations of the ADEA and MHRA;

8. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9. Award Plaintiff pre- and post-judgment interest on all sums recoverable;

and

10.      Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: /s/*Ryan Sullivan*
Ryan Sullivan, Attorney No. 76393
BIESECKER DUTKANYCH & MACER, LLC
303 North Stadium Boulevard
2nd Floor
Columbia, MO 65203
Office:    (573) 267-4421
Facsimile:    (812) 424-1005
E-Mail:    rsullivan@bdlegal.com

*Attorney for Plaintiff, Searra Priolo*

## DEMAND FOR JURY TRIAL

Plaintiff, Searra Priolo, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: /s/*Ryan Sullivan*
Ryan Sullivan
BIESECKER DUTKANYCH & MACER, LLC
303 North Stadium Boulevard
2nd Floor
Columbia, MO 65203
Office:    (573) 267-4421
Facsimile:    (812) 424-1005
E-Mail:    rsullivan@bdlegal.com

*Attorney for Plaintiff, Searra Priolo*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, a copy of the foregoing was filed electronically. Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.

Counsel for Defendant:

Heidi L. Eckert, #68916
Ellen Bruntrager, #73649
BLITZ, BARDGETT & DEUTSCH, L.C.
120 S. Central Avenue, Suite 1500
St. Louis, Missouri 63105
Telephone: 314-863-1500
Facsimile: 314-863-1877
heckert@bbdlc.com
ebruntrager@bbdlc.com

Anthony Bonuchi MO #57838
BLITZ, BARDGETT & DEUTSCH, L.C.
104 W. 9th, Ste 205B
Kansas City, Missouri 64105
(p) (816) 944-3232;
(f) (816) 944-3234
abonuchi@bbdlc.com

               */s/Ryan Sullivan*_____
               Ryan Sullivan