# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SEARRA PRIOLO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:25-cv-04013-MDH |
| ) | |
| v. ) | |
| ) | |
| EQUIPMENTSHARE.COM INC, ) | |
| ) | |
| Defendant. ) | |

## Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint

Defendant, EquipmentShare.com Inc ("Defendant" or "EquipmentShare"), by and through its undersigned attorneys, hereby submits its Answer and Affirmative Defenses to Plaintiff's Amended Complaint.

### I. NATURE OF THE CASE

1. Paragraph 1 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

### II. PARTIES

2. Defendant admits Plaintiff was previously employed by EquipmentShare as a remote worker. Defendant lacks sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 2.

3. Defendant admits it maintains offices and routinely conducts business within the geographic boundaries of the Western District of Missouri.

## III. JURISDICTION AND VENUE

4. Paragraph 4 consists of legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies same and demands strict proof thereof.

5. Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

6. Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits it is an "employer," as that term is defined by 42 U.S.C. §12111(5)(A), 29 U.S.C. § 630(b), and MHRA.

7. Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits Plaintiff was formerly an "employee," as that term is defined by 42 U.S.C. §12111(4), 29 U.S.C. §630(f), and MHRA.

8. Defendant admits Plaintiff filed a charge with the EEOC, which speaks for itself. Defendant denies the allegations set forth in Paragraph 8 to the extent they inaccurately summarize the contents of the Charge. Defendant admits the EEOC issued a Dismissal and Notice of Rights. Defendant denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint.

9. Paragraph 9 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

## IV.    FACTUAL ALLEGATION

10. Defendant admits Plaintiff was hired as a senior recruiter by EquipmentShare. Defendant denies the remaining allegations set forth in Paragraph 10.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint.

12. Paragraph 12 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

13. Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Amended Complaint.

20. Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

## V. CAUSES OF ACTION

### COUNT I: ADA RETALIATION

21. Defendant incorporates by reference its answers to Paragraphs one (1) through twenty (20) as if fully set forth herein.

22. Paragraph 22 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

23. Paragraph 23 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

24. Paragraph 24 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Amended Complaint.

## COUNT II: ADEA RETALIATION

27. Defendant incorporates by reference its answers to paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28. Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

29. Paragraph 29 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

30. Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Amended Complaint.

## COUNT III – MHRA RETALIATION (AGE)

33. Defendant incorporates by reference its answers to paragraphs one (1) through thirty-two (32) as if fully set forth herein.

34. Paragraph 34 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

35. Paragraph 35 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

36. Paragraph 36 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Amended Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Amended Complaint.

**COUNT IV: MHRA – RETALIATION (DISABILITY)**

39. Defendant incorporates by reference its answers to paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Paragraph 40 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

41. Paragraph 41 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

42. Paragraph 42 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies same and demands strict proof thereof.

43. Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Amended Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Amended Complaint.

## VI. REQUESTED RELIEF

1. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 1 of the "Requested Relief" section of her Amended Complaint.

2. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 2 of the "Requested Relief" section of her Amended Complaint.

3. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 3 of the "Requested Relief" section of her Amended Complaint.

4. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 4 of the "Requested Relief" section of her Amended Complaint.

5. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 5 of the "Requested Relief" section of her Amended Complaint.

6. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 6 of the "Requested Relief" section of her Amended Complaint.

7. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 7 of the "Requested Relief" section of her Amended Complaint.

8. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 8 of the "Requested Relief" section of her Amended Complaint.

9. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 9 of the "Requested Relief" section of her Amended Complaint.

10. Defendant denies Plaintiff is entitled to the relief requested in Paragraph 10 of the "Requested Relief" section of her Amended Complaint.

**AFFIRMATIVE DEFENSES**

Further answering and without prejudice to the denials contained in its Answer to Plaintiff's Amended Complaint, Defendant states as follows for its Affirmative and other Defenses:

1. Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted against Defendant.

2. Defendant avers that Plaintiff has failed to file a timely Charge with respect to acts alleged to have occurred more than 300 days from the filing of a Charge with the EEOC and Missouri Commission on Human Rights, and, therefore, the Court lacks jurisdiction of the subject matter of such alleged acts.

3. The Amended Complaint fails to state a claim upon which relief can be granted with respect to any claims of discrimination or retaliation not asserted in a timely and valid Charge filed with the EEOC. Defendant further avers that Plaintiff is estopped and barred from alleging in this action matters which were not properly alleged or within the scope of charges timely filed with the EEOC.

4. Defendant avers that this action and the remedies sought are barred by failure of Plaintiff to comply with all conditions precedent to the commencement of this action.

5. Defendant avers that some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies.

6. Defendant avers that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

8. With regard to some or all of the matters alleged in each purported cause of action in Plaintiff's Amended Complaint, Plaintiff is guilty of unclean hands.

9. By her own inequitable conduct with respect to the matters alleged in her Amended Complaint, Plaintiff is estopped from asserting some or all of the claims in her Amended Complaint.

10. Because of Plaintiff's negligence or improper conduct, acts, or omissions, each of Plaintiff's purported causes of action are barred by the doctrine of waiver.

11. Defendant avers that it exercised reasonable care to promptly correct and prevent any alleged unlawful behavior.

12. Defendant cannot be held liable for the actions of its employees which it neither authorized nor ratified.

13. Plaintiff did not engage in a "protected activity" within the meaning of the ADEA, ADA, MHRA, or any other federal or state law.

14. Defendant further avers that it was not aware or cognizant of any "protected activity" by Plaintiff and any "protected activity" by Plaintiff was not a consideration for Defendant when making personnel decisions affecting Plaintiff.

15. To the extent Plaintiff is unable to prove that Defendant knew or should have known of the "protected activity," she is barred from recovering from Defendant.

16. Plaintiff is not entitled to recover on her claim of retaliation because Plaintiff cannot establish the requisite causal relationship between the alleged retaliation and any "protected activity."

17. Plaintiff claims fail because Plaintiff cannot establish that her alleged "protected activity" was a motivating factor in Defendant's decision-making with respect to Plaintiff's employment.

18. Defendant asserts that any personnel decisions or action by Defendant affecting Plaintiff were taken for legitimate, non-discriminatory reasons and in good faith and were not in retaliation for engaging in alleged "protected activity," and, therefore, Plaintiff's claims are precluded.

19. In the event that any of the allegations of unlawful conduct contained in the Amended Complaint are found to have merit, Plaintiff participated in and contributed to the conduct complained of.

20. Defendant avers that Plaintiff has failed to mitigate damages, if any. To that extent, Plaintiff may not recover from Defendant.

21. Plaintiff's damages, if any, should be offset by any subsequent earnings or benefits, by any duplicative awards, and by any damages caused by Plaintiff to Defendant.

22. Any damages suffered by Plaintiff were not caused by any action, conduct, or behavior or incidents for which Defendant is or could be liable.

23. Defendant avers that at all times relevant to this suit it has acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of any law. Defendant further avers that it did not act wantonly, maliciously, or oppressively.

24. At all times relevant hereto, Defendant had a specific policy against unlawful discrimination and harassment in the workplace and such policy was well-known to employees.

25. If any allegations of unlawful conduct are true, Defendant's employees implicated in those allegations acted on their own, in violation of Defendant's strict policies prohibiting such conduct, and acted outside the scope of their employment.

26. Even if Plaintiff is able to prove that a prohibited factor motivated Defendant's alleged employment action(s), which Defendant denies, the same action would have been taken absent such motivation and, therefore, Plaintiff's claims must fail.

27. Plaintiff is not entitled to recover any punitive damages because Defendant's action and conduct were not malicious, egregious, in bad faith, with malice or reckless indifference to Plaintiff's federally protected rights.

28. Plaintiff's claims for punitive damages are barred by the prohibition against excessive damages contained in the Eighth Amendment of the United States Constitution and by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

29. Defendant is entitled to assert the after-acquired evidence rule to reduce any damages to which Plaintiff may be entitled.

30. Defendant provides notice to the Court and all parties that, in the event of an adverse decision against it, Defendant intends to invoke the benefits of and call upon the Court to impose the limitations set forth in 42 U.S.C. § 1981a(b)(3).

31. Plaintiff's prayer for attorney's fees, costs, interest and other equitable remedies are not triable to a jury.

32. In the event Plaintiff's punitive damages claim is not dismissed, Defendant requests a bifurcated trial with respect to Plaintiff's prayer and allegations for the award of punitive damages.

33. Defendant is entitled to court costs and reasonable attorneys' fees (including expert fees) because Plaintiff's case is frivolous, unreasonable, or without foundation.

34. Defendant reserves the right to add additional affirmative defenses as information becomes available to it, which could form the basis for such defenses.

**DEMAND FOR JURY TRIAL**

Defendant, EquipmentShare.com, Inc., requests a trial by jury on all issues deemed so triable.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend its Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant respectfully requests:

1. That Plaintiff take nothing by reason of her Amended Complaint;

2. That Plaintiff's Amended Complaint be dismissed in its entirety;

3. That the Court enter judgment for Defendant and against Plaintiff upon each of Plaintiff's claims;

4. That Defendant recovers all costs, reasonable attorneys' fees and other expenses incurred in the defense of this action; and

5. That Defendant be awarded such other and further relief as this Court deems equitable and just.

Dated: April 10, 2025								Respectfully Submitted,

**BLITZ, BARDGETT & DEUTSCH, L.C.**

*/s/ Heidi L. Eckert*
Heidi L. Eckert, #68916
Ellen Bruntrager, #73649
120 S. Central Avenue, Suite 1500
St. Louis, Missouri 63105
Telephone: 314-863-1500
Facsimile: 314-863-1877
heckert@bbdlc.com
ebruntrager@bbdlc.com


**BLITZ, BARDGETT & DEUTSCH, L.C.**

Anthony Bonuchi MO #57838
104 W. 9th, Ste 405B
Kansas City, Missouri 64105
(p) (816) 944-3232;
(f) (816) 944-3234
abonuchi@bbdlc.com

## Certificate of Service

I hereby certify that on this 10th day of April 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Heidi L. Eckert*
