**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **SEARRA PRIOLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:25-cv-04013-MDH** |
| | ) | |
| **EQUIPMENTSHARE.COM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

Before the Court is non-party Justin Rechter's Motion to Quash Defendant's Subpoena to Testify at a Deposition in a Civil Action and Suggestions in Support. (Doc. 23). The Defendant filed Suggestions in Opposition (Doc. 24) and Mr. Rechter filed a Reply. (Doc. 25). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Mr. Rechter's Motion to Quash Defendant's Subpoena to Testify at a Deposition in a Civil Action is **GRANTED**.

Plaintiff Searra Priolo was employed by Defendant EquipmentShare.com, Inc. as a senior recruiter, working remotely, for Defendant in Monmouth County, New Jersey. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Missouri. Plaintiff brings her Complaint alleging that she engaged in protected activity when she raised complaints to Defendant that its General Manager's, Justin Rechter, hiring practices were discriminatory. Plaintiff alleges that Defendant discriminated against her by terminating her employment on or about February 16, 2024, for alleged insubordination. Plaintiff alleges that Defendant's stated reason is pretext for discrimination. Plaintiff's Complaint alleges four counts: Count I: American with Disability Act ("ADA") Retaliation; Count II - Age

1

Discrimination in Employment Act ("ADEA") Retaliation; Count III - Missouri Human Rights Act ("MHRA") - Retaliation (Age); and Count IV - MHRA - Retaliation (Disability).

On February 17, 2026, the Defendant served a Subpoena to testify at a Deposition in a Civil Action on Mr. Rechter by hand at his home in Crown Pointe, Indiana.[1] (Doc. 23-2, page 2). The Subpoena required Mr. Rechter to appear at a deposition on February 24, 2026, at 120 S. Central Ave., St. Louis, Missouri. *Id.* The Subpoena also required Mr. Rechter to bring with him responsive documents to three requests for production:

1. All documents, including, but not limited to, photographs, screenshots, emails, text messages, phone records, and other [Electronically Stored Information ("ESI")], evidencing communications between You and Plaintiff Searra Priolo regarding reports, if any, of discrimination based on age or disability by Defendant EquipmentShare or this litigation.

2. To the extent not produced in response to Request #1, all documents, including, but not limited to, photographs, screenshots, emails, text messages, phone records, and other ESI, evidencing communications between You and Plaintiff Searra Priolo, if any, that may constitute a report of discrimination based on age or disability.

3. To the extent not produced in response to Requests #1 or #2, all documents, including, but not limited to, photographs, screenshots, emails, text messages, phone records, and other ESI, evidencing communications between You and Plaintiff Searra Priolo, if any, regarding the use of DISC assessments.

*Id* at page 6.

Mr. Rechter brings his current motion arguing that: (1) the Subpoena violates Federal Rule of Civil Procedure 45(c)(1)(A) because it requires Mr. Rechter to travel more than 100 miles; (2) the Subpoena violates Federal Rule of Civil Procedure 45(c)(3)(A)(i) because it fails to allow a reasonable time for compliance; and (3) the Subpoena violates Federal Rule of Civil Procedure 45(b)(1) because Defendant failed to include reimbursement for the cost of travel. The Defendant

---

[1] The Defendant previously took Mr. Rechter's Deposition on February 12, 2026. To the extent Defendant is looking to compel Mr. Rechter for a deposition, it would be his second in this case. (Doc. 25-1, page 3).

argues that on February 23, 2026, the parties met and conferred via telephone regarding Plaintiff's Motion to Quash and that Defendant's counsel agreed not to require Mr. Rechter to testify in person but by deposition via Zoom. The Defendant further states that it asked Plaintiff's counsel if he would accept service of the subpoena on Mr. Rechter's behalf and reschedule the deposition to March 13, 2026. The Defendant asserts that on February 25, 2026, Plaintiff's counsel responded to Defendant's counsel's email and agreed to accept service of the subpoena. On February 26, 2026, the Defendant emailed Plaintiff's counsel a Notice of Deposition for Mr. Rechter. On March 11, 2026, Plaintiff's counsel informed Defendant's counsel that Plaintiff was standing on her Motion to Quash. The Defendant argues that Plaintiff's Motion to Quash is not made in good faith, but rather for the purpose of delaying and preventing Defendant from conducting necessary discovery to defend itself against Plaintiff's claims. The Court will take each argument in turn.

## I.      February 17, 2026, Subpoena

### A.      Travel Over 100 Miles

Federal Rule of Civil Procedure 46(c) governs the place of compliance for a subpoena and states that a "subpoena may command a person to attend a trial, hearing or deposition only as follows: within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A).

Here, Mr. Rechter alleges that he was served at his home address in Crown Pointe, Indiana. (Doc. 23-3). The Subpoena states it was served at that location and compelled Mr. Rechter to attend at Blitz, Bardgett & Deutsch LC in St. Louis, Missouri. (Doc. 23-2, page 2). The distance from Crown Point, Indiana to St. Louis, Missouri is approximately 296 miles away. Thus, Mr. Rechter is correct that this subpoena violated Federal Rule of Civil Procedure 45's probation of having the deposition take place within 100 miles of where Mr. Rechter resides and thus the

February 17, 2026 Subpoena is not valid. For the reasons stated, Mr. Rechter's Motion to Quash Defendant's Subpoena to Testify at a Deposition in a Civil Action based on the February 17, 2026, subpoena is **GRANTED**.

**B.        Reasonable Time for Compliance and Cost of Travel**

The Court having granted Mr. Rechter's Motion to Quash as it pertains to the February 17, 2026, Subpoena will decline to further evaluate Mr. Rechter's other arguments to quash including lack of reasonable time for compliance and omission of the cost of travel.

**II.        February 26, 2026, Subpoena**

The parties disagree on whether a subpoena was sent to Mr. Rechter to compel his attendance at scheduled deposition for March 13, 2026. Below is the relevant email correspondence between the parties regarding the alleged February 26, 2026, subpoena and deposition request:

> Defendant's Counsel: Will you accept service of a subpoena on behalf of your client, Justin Rechter, for a deposition scheduled for March 13th at 10:00 am via zoom?

> Mr. Rechter's Counsel: Yes, we will accept service.

> Defendant's Counsel: Thank you. I will speak with my client regarding your revised demand and circle back. I will also send out a [Notice of Deposition] for March 13th.

(Doc. 24-1, pages 2-3). The following correspondence took place between the attorneys between March 11–12, 2026:

> Mr. Rechter's Counsel: I wanted to reach back out to confirm whether tomorrow's deposition will be cancelled. In addition to the items mentioned above, our office and Mr. Rechter never received a subpoena requiring his attendance. If you still plan on proceeding with the deposition tomorrow. Please advise when you are available to confer via telephone for this matter.

4

Defendant's Counsel: We are proceeding with the deposition. Attached is the subpoena, which was previously forwarded to you. As you accepted service, and as the deposition is via zoom, the required check was mailed.

Mr. Rechter's Counsel: Please forward a copy of the email that you claim was sent to me that purportedly contained the subpoena. As I previously said, we never received it, until your email now. Thanks.

(Doc. 25-1, pages 2-3).

Here, neither party has presented the email showing service of the subpoena for the March 13, 2026, deposition. While the record demonstrates that Defendant did serve the subpoena at the very latest on March 12, 2026, this does not allow a reasonable time to comply. "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Further, the Defendant was put on notice that Mr. Rechter was not interested in rescheduling the deposition. Mr. Rechter's counsel stated in an email to Defendant's Counsel on February 23, 2026:

we object to the taking of Mr. Rechter's deposition. Further, you failed to provide me with a copy of the subpoena, as required under Rule 45(a)(4) of the Federal Rules of Civil Procedure. Unless the Court's Order states otherwise, we have no interest in rescheduling Mr. Rechter's deposition.

(Doc. 24-1). While this appears to be a matter of miscommunication, the Court will decline to enforce the alleged February 26, 2026, subpoena based on the deficiencies noted above. For the reasons stated, Mr. Rechter's Motion to Quash the February 26, 2026, subpoena is **GRANTED**. If the Defendant wishes to pursue a second deposition of Mr. Rechter, they may file a motion to extend the scheduling deadlines, which will be granted, and may attempt to serve Mr. Rechter again pursuant to Federal Rule of Civil Procedure 45 as necessary. The Court encourages the parties to resolve disputes between themselves and to comply with deposition requests in this matter.

5

## CONCLUSION

For the reasons stated, Mr. Rechter's Motion to Quash Defendant's Subpoena to Testify at a Deposition in a Civil Action is **GRANTED**.

**IT IS SO ORDERED.**

Date: April 30, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

6