**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| SEARRA PRIOLO, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 2:25-cv-04013-MDH** |
| | ) | |
| EQUIPMENTSHARE.COM INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the Court is Defendant EquipmentShare.com Inc.'s ("EquipmentShare") Motion to Strike Plaintiff's Declaration and Other Inadmissible Portions of her Factual Statements and Responses. (Doc. 31). The Defendant filed Suggestions in Support, *Id.*, Plaintiff filed Suggestions in Opposition (Doc. 33) and the Defendant filed a reply. (Doc. 34). The motion is now ripe for adjudication on the merits. For the reasons stated herein, the Defendant's Motion to Strike is **DENIED**.

## BACKGROUND

This case arises from an alleged violation of the Americans with Disabilities Act of 1990 ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Missouri Human Rights Act ("MHRA"). Plaintiff was employed by Defendant as a remote worker and performed work for Defendant in Monmouth County, New Jersey. The Defendant is a for profit corporation with its principal office address in Columbia, Missouri.

On or about July 31, 2023 Plaintiff was hired by Defendant as a senior recruiter. Plaintiff alleges that at all relevant times, she met or exceeded all of Defendant's legitimate performance

1

expectations. In or about November 2023, Plaintiff alleges she engaged in a protected activity when she raised complaints to Defendant that its general manager's hiring practices were discriminatory. Plaintiff complained that the Dominance, Influence, Steadiness, and Conscientious ("DISC") assessment used in the hiring process pressured individuals to disclose disabilities and/or resulted in lower scores for individuals with disabilities, thereby making them less hirable. Plaintiff alleges that she made continuous attempts to bring attention to these discriminatory hiring practices in weekly meetings. Plaintiff further alleges that around this time, she had been instructed not to hire a particular candidate because he was deemed "too old" by Defendant.

On or about January 18, 2024, Plaintiff's supervisor allegedly told her to falsify a DISC score for a lateral general manager candidate. On or about January 25, 2024, Plaintiff again explicitly reported her concerns regarding Defendant's hiring practices, alleging that individuals were being scored lower due to both age and disabilities. Plaintiff alleges that despite this, Defendant's manager condoned and enforced the rejection of said candidate. Plaintiff alleged that a week before her eventual termination, she suggested to her manager that Defendant should disclose its assessment practices in job postings to maintain compliance with hiring transparency. On or about February 16, 2024 the Defendant terminated her employment for alleged insubordination. However, Plaintiff alleges that Defendant was not able to explain how she had been insubordinate and instead claims that Defendant's stated reason was a pretext for discrimination.

Plaintiff's First Amended Complaint ("Complaint") alleges four counts: Count I - ADA Retaliation; Count II - ADEA Retaliation; Count III - MHRA - Retaliation (Age); and Count IV - MHRA - Retaliation (Disability). The Defendant brings its current motion seeking to strike Plaintiff's: (1) Declaration; (2) responses as to Statement of Uncontroverted Material Facts

2

("SUMF") ¶¶ 9, 12, 13, 16, 21, 27, 28, 32, 33 and 34; and (3) additional SUMF. The Defendant further asks this Court to admit Defendant's SUMF ¶¶ 1-2, 4-8, 14-15, 17-20, 22-26, 29-31, and 36-37 as Plaintiff has failed to admit or controvert those SUMFs.

**STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is properly directed only to material contained in pleadings." *Khamis v. Bd. of Regents, Se. Mo. State Univ.*, No. 1:09-CV-145-RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2013) (quoting *Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc.*, No. 4:07-CV-1719-CAS, 2008 WL 2518561, at *1 (E.D. Mo. June 19, 2008)). Rule 7(a) defines "pleadings" as a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, and if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).

Neither a motion for summary judgment, nor its accompanying memorandum in support, nor the attached statement of uncontroverted facts is a pleading, and courts in this district have generally not permitted parties to attack such non-pleadings through motions to strike. *Luer v. St. Louis Cnty., Missouri*, No. 4:17-CV-00767-NAB, 2018 WL 6064862, at *13 (E.D. Mo. Nov. 19, 2018), *aff'd in part, rev'd in part and remanded sub nom. Luer v. Clinton*, 987 F.3d 1160 (8th Cir. 2021); *See, e.g., Shea v. Peoples Nat. Bank*, No. 4:11-CV-1415-CAS, 2013 WL 74374, at *1 and *2, (E.D. Mo. Jan. 7, 2013) (citing cases); *Khamis*, 2010 WL 1936228, at *1 (the document attached to the memorandum in opposition "is not a pleading and cannot be attacked with a motion to strike"); *see also Milk Drivers Local Union No. 387 v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D.

3

Iowa 2003) ("Pleadings include complaints, answers, replies to counterclaims, answer to cross-claims, third-party complaints, and third-party answers. Therefore, a motion to strike a motion for summary judgment is inappropriate and should be denied.") (internal citations omitted; collecting cases).

## DISCUSSION

The Defendant raises arguments as to why the Court should strike Plaintiff's: (1) Declaration; (2) responses as to SUMF ¶¶ 9, 12, 13, 16, 21, 27, 28, 32, 33 and 34; and (3) additional SUMF. The Defendant further asks this Court to admit Defendant's SUMF ¶¶ 1-2, 4-8, 14-15, 17-20, 22-26, 29-31, and 36-37 as Plaintiff has failed to admit or controvert those SUMFs. However, a motion to strike is the improper vehicle to bring these requests. As discussed above in the legal standard, Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment is not a pleading within the meaning of the Federal Rules of Civil Procedure and therefore are not properly attacked by means of a motion to strike.

Among the arguments raised by the Defendant in its instant motion is the issue of whether Plaintiff's original Suggestions in Opposition to Defendant's Motion for Summary Judgment complies with the United States District Court for the Western District of Missouri Local Rule ("Local Rule") 56.1. The Plaintiff concedes that its original Suggestions in Opposition do not adhere to Local Rule 56.1(b)(2) and have filed Revised Suggestions in Opposition to Defendant's Motion for Summary Judgment correcting those deficiencies. As the Court has considerable discretion in applying its local rules, the Court will constructively file Plaintiff's Revised Suggestions in Opposition to Defendant's Motion for Summary Judgment (Doc. 33-1) and will withdraw Plaintiff's original Suggestions in Opposition to Defendant's Motion for Summary

4

Judgment. (Doc. 29). *See R.A.D. Servs. LLC v. State Farm Fire & Cas. Co.*, 60 F.4th 408, 412 (8th Cir. 2023) (quoting *Buffets, Inc. v. Leischow*, 732 F.3d 889, 895 (8th Cir. 2013) ("The district court has considerable discretion in applying its local rules."))

The issues raised by the Defendant in its Motion to Strike Plaintiff's Declaration and Other Inadmissible Portions of her Factual Statements and Responses may have merit, but these are issues better considered during the Court's review of the summary judgment materials themselves and not through a motion to strike. The Court will grant Defendant leave to file a response to Plaintiff's Revised Suggestions in Opposition of Summary Judgment in order to admit or controvert Plaintiff's additional SUMFs and to direct the Court's attention to the general or specific deficiencies it perceives within Plaintiff's Revised Suggestions in Opposition.

## CONCLUSION

For the reasons stated, the Defendant's Motion to Strike Plaintiff's Declaration and Other Inadmissible Portions of her Factual Statements and Responses is **DENIED**. Plaintiff's Revised Suggestions in Opposition to Defendant's Motion for Summary Judgment (Doc. 33-1) is hereby constructively filed and Plaintiff's original Suggestions in Opposition to Defendant's Motion for Summary Judgment is hereby withdrawn. (Doc. 29). The Defendant may file a reply to Plaintiff's Revised Suggestions in Opposition admitting or controverting Plaintiff's additional SUMF and directing the Court's attention to the general or specific deficiencies it perceives within Plaintiff's Revised Suggestions in Opposition. The Defendant will file its reply within two weeks of the date of this Order.

**IT IS SO ORDERED.**

Date: June 25, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**